UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESWEET CREATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CATALENT WELLNESS CALIFORNIA, LLC, et al.,<br><br>    Defendants. | Case No. 25-cv-06521-SK<br><br>**ORDER ON MOTION TO STAY AND MOTION TO DISMISS**<br><br>Regarding Docket Nos. 23, 25, 27 |

    Now before the Court are the motions to dismiss and to stay filed by Defendants Catalent Wellness California, LLC, Catalent Wellness, LLC, Catalent Pharma Solutions, LLC, Catalent Pharma Solutions, Inc., and Catalent Inc. (collectively, "Defendants"). The parties are currently engaged in proceedings before an Arbitrator with the Institute for Conflict Prevention & Resolution ("ICPR") in New York. Defendants filed a motion to stay pending the decision by the Arbitrator on the parties' cross-motions regarding whether the parties' disputes are subject to arbitration. The Arbitrator has issued two opinions and ruled that the parties' disputes regarding purchase orders and deliveries after March 3, 2023 are subject to arbitration but that the purchase orders and deliveries before March 3, 2023 are not. (Dkt. Nos. 39-1 and Dkt. No. 44.) Because the Arbitrator has already resolved the cross-motions regarding arbitrability, the Court DENIES the motion to stay as MOOT.

    Defendants also filed a motion to dismiss based on their contention that all the claims in this lawsuit are subject to arbitration. Defendants stated in their motion to dismiss that, if the Court grants the motion to stay, that the Court need not address the motion to dismiss at this time. While the Court denied the motion to stay, it did so only because the relief requested (time for the Arbitrator to rule on arbitrability) had already happened. Thus, for the same reason the motion to

stay became moot, Defendant's motion to dismiss is also moot. The Court therefore DENIES the motion to dismiss without prejudice.

Defendants also filed a motion to seal all of the exhibits attached to the declarations filed by Matthew B. Mock and Kristen Polonski in support of their motions to dismiss and to stay. (Dkt. No. 27.) Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 and n. 7 (1978). Thus. "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted).

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon,* 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz,* 331 F.3d at 1136).

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation,* 686 F.3d 1115, 1119 (9th Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original). Where the exception applies, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. *See Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted). Pursuant to Rule 26(c), a trial court has

broad discretion to permit sealing of court documents for, *inter alia,* the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  However, even under the "good cause" standard of Rule 26(c), a party must make a "particularized showing" with respect to any individual document in order to justify sealing the relevant document.  *Kamakana,* 447 F.3d at 1180.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

The Court finds that Defendants' motion to seal is overbroad in seeking to seal entire documents.  The Court HEREBY RESERVES RULING on Defendants' motion to seal.  By no later than January 13, 2026, Defendants shall file an amended supporting declaration, identifying the specific and limited portions of the exhibits that contain confidential information.  Defendants may file the exhibits provisionally under seal, highlighting the narrow portions they continue to request to have sealed.  In addition, Defendants shall file an amended proposed order on the motion to seal addressing the portions of the exhibits they continue to seek to have sealed.  If Defendants fail to file the declaration by January 13, 2026, the Court will deny the motion to seal in full.

**IT IS SO ORDERED**.

Dated: January 6, 2026

SALLIE KIM
United States Magistrate Judge